**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Carlos Nashun Coleman,<br><br>Defendant. | Case No. 18-cr-51 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Benjamin Bejar, Craig R. Baune, & Thomas Calhoun-Lopez, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Ryan M. Pacyga, Pacyga and Associates, PA, 333 South Seventh Street, Suite 2850, Minneapolis, Minnesota 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

      This case is before the Court on Defendant Coleman's Letter Requesting Return of Property ("Def's Motion") [Doc. No. 385]. For the reasons set forth below, the Court grants Defendant's Motion in part as to his backpack, bank statements, identification card, and bank cards and denies Defendant's Motion in part as to the $5,680 in United States currency. His wrist watch was returned to counsel in September of 2018 and his bracelets and rings were never seized.

**I.    Background**

      On February 28, 2018, members of the Drug Enforcement Agency ("DEA") and the Lake Superior Drug and Violent Crime Task Force took Defendant into custody on a

state arrest warrant pending federal indictment. (Decl. of Sean R. Harvey ("Harvey Decl.") [Doc. No. 415] ¶¶ 3–6.) After his arrest, officers executed nine federal search and seizure warrants on the Defendant's houses and car. (*Id.* ¶ 6.) Inside Defendant's Audi Q7, officers found and seized a backpack that contained $5,680, bank statements, an identification card, and bank cards. (*Id.* ¶¶ 6–8; Gov't Mem. in Response [Doc. No. 414].) Officers also seized a watch, which was later returned to Defendant's attorney on September 17, 2018. (*Id.* ¶ 10.) Officers did not seize any of Defendant's bracelets or rings, but instead left these items at the location of the arrest. (*Id.* ¶ 11.)

On April 25, 2018, Defendant was sent notice of the administrative forfeiture for the seized currency via certified mail at his place of incarceration, Sherburne County Jail. (*Id.* ¶ 12.) The return receipt was signed on April 30, 2018. (Decl. of Craig R. Baune ("Baune Decl.") [Doc. No. 416] ¶ 2, Ex. B.) A copy of the notice was also mailed to his attorney, Ryan Pacyga. (Harvey Decl. ¶ 12.) Defendant did not file a claim in the administrative forfeiture proceeding.

On May 10, 2018, Defendant filed a Petition for Remission or Mitigation for Pardon of the Property in Forfeiture Proceedings ("Petition for Remission"). (Harvey Decl. ¶ 13). The DEA issued a declaration of forfeiture for the $5,680 on July 18, 2018. (Baune Decl. ¶ 2, Ex. A.) Five months later, on December 18, 2018, the DEA denied Defendant's Petition for Remission. (Harvey Decl. ¶ 14.)

On March 6, 2018, Defendant was indicted and charged with one count of Conspiracy to Distribute Heroin (Count 1) and one count of Distribution of Heroin (Count 15) by a federal grand jury sitting in the District of Minnesota. (Indictment [Doc.

No. 1].) The forfeiture allegations of the Indictment provided notice that the United States sought the forfeiture of any property constituting, or derived from, any proceeds Defendant obtained directly or indirectly as the result of the violations alleged in Counts 1 and 15, and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of those violations. (*Id.*) The Indictment did not specifically list the $5,680.

On September 13, 2018, Defendant pled guilty to Count 15 of the Indictment, which charged him with distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Plea Agreement [Doc. No. 282].) Through his plea agreement, Defendant agreed to forfeit "all property constituting, or derived from, proceeds obtained from Count 1 of the Indictment, and all property used, in any manner or part, to commit or to facilitate the commission of the offense." (*Id.* ¶ 9.)

On December 19, 2018, Defendant filed this Motion requesting the return of his backpack, bank statements, identification card, bank cards, wrist watch, bracelets and rings, and $5,680 in United States currency that he alleged were seized by law enforcement the day of his arrest. (Def.'s Mot. at 1.)

**II.     Discussion**

    **A.     Defendant's Currency**

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(e), dictates that "a motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5).

In contrast, Rule 41(g) of the Federal Rules of Criminal Procedure authorizes a person whose property has been seized by the government to petition the district court for its return. *Jackson v. United States*, 526 F.3d 394, 396–97 (8th Cir. 2008). Generally, "[a] Rule 41([g]) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or *subject to forfeiture* or the government's need for the property as evidence continues." *Jackson*, 526 F.3d at 397 (citing *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) (emphasis added) (internal quotation marks and citation omitted)).

Because Defendant's Motion concerns the disposition of administratively forfeited funds, the only potential federal claim available to Defendant regarding the DEA's administrative forfeiture of the $5,680 is a motion to set aside the forfeiture under 18 U.S.C. § 983(e). If this *pro se* motion were considered as having been filed pursuant to that statute, however, it would still fail because Defendant received timely notice of the administrative forfeiture and knew of the seizure of the currency.

Section 983(e)(1) permits persons who did not receive the required notice of a nonjudicial forfeiture with the right to "file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property." Such after-the-fact challenges, however, are limited to cases in which: "(a) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notices; and (b) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1).

The Eighth Circuit has ruled that when the Government sends notice by certified mail (return receipt requested) to the facility in which a potential claimant is incarcerated, courts should apply a rebuttable presumption that the notice was adequate. *Nunley v. Department of Justice*, 425 F.3d 1132, 1137–40 (8th Cir. 2005). In addition, the Eighth Circuit has found that mailing a notice of administrative forfeiture to an inmate's attorney is sufficient. *Id.* at 1139.

The government's mailing of the notices of the administrative forfeiture meets the requirements of § 983(e)(1). The government sent the notice by certified mail and received a signed return receipt. (Harvey Decl. ¶ 12; Baune Decl. ¶ 2, Ex. B.) In addition, Defendant's attorney also received this notice and signed his return receipt as well. (*Id.*) Moreover, Defendant has not argued, nor presented evidence that the government's notice of the seizure or the administrative forfeiture proceedings was inadequate. Defendant was present when his currency was removed from his vehicle and filed a Petition for Remission in response to the notice. (Harvey Decl. ¶ 7.)

Therefore, because Defendant was aware of the seizure and was provided notice of the administrative forfeiture, he would have no grounds to contest the forfeiture of the currency under § 983(e)(1) if the Court considered his motion as if it were brought under that statute.

The government has agreed to return Defendant's backpack, bank statements, identification card, and bank cards. (Govt.'s Resp. to Def.'s Mot. at 2.)

### III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Coleman's Motion [Doc. No. 385] is **GRANTED IN PART** as to his backpack, bank statements, identification card, and bank cards and **DENIED IN PART** as to the $5,680 in United States currency.

Dated: March 12, 2019  　　　　　　　　　　　　　　　s/ Susan Richard Nelson
　　　　　　　　　　　　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge