# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Carlos Nashun Coleman,<br><br>Defendant. | Case No. 18-cr-00051 (SRN-LIB)<br><br>**ORDER** |

Thomas Calhoun-Lopez, United States Attorney's Office, 300 S. 4th St. Ste 600, Minneapolis MN 55415, for the Government.

Carlos Nashun Coleman, Reg No. 21466-041, USP Leavenworth, P.O. Box 1000, Leavenworth, KS, Pro Se Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Carlos Nashun Coleman's Pro Se Letter Request for Compassionate Release (("Motion for Release") [Doc. No. 637].) The Government filed a response in opposition to Mr. Coleman's Motion for Release. (Gov't's Opp'n [Doc. No. 639].)

Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies Defendant's motion.

**I.  BACKGROUND**

    **A.  Procedural and Factual Background**

In September 2018, Mr. Coleman pleaded guilty to distributing approximately 29 grams of heroin pursuant to a plea agreement (the "Plea Agreement" [Doc. No. 282].) On

June 4, 2019, the Court sentenced Mr. Coleman to a 75-month term of imprisonment. (*See* Sentencing Judgment [Doc. No. 567].)

Mr. Coleman is currently incarcerated at USP Leavenworth in Kansas. He has a projected release date of August 8, 2023. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed July 8, 2020).

### B.   Parties' Positions

Mr. Coleman seeks compassionate release on several grounds.[1] First, he argues that the hardships he faces in prison, many of which are related to the COVID-19 pandemic warrant release. (Def.'s Mot. at 1-4; *see also* [Doc. No. 621].) For instance, he alleges that the recent restrictions placed on his privileges due to COVID-19 warrant his release. (*Id*. at 2.) And, separate and apart from COVID-19, he also alleges that his prison cell in the Special Housing Unit contains black mold that is causing him to be sick. (*Id*. at 2.) He further claims that his inability to program at the facility warrants release. (*Id*. at 1; *see also* [Doc. No. 621].) Finally, he appears to request release due to his grandmother's illness. (Def.'s Mot. at 2.)

In opposition, the Government maintains that Mr. Coleman's motion should be denied for three reasons. First, the Government argues that his motion should be denied because he failed to exhaust his administrative remedies or alternatively that he failed to wait 30 days from the warden's receipt of a request for release before seeking judicial intervention. (Gov't's Opp'n at 9-13.) As a result, the Government asserts that the Court

---

[1]   The Court construes Mr. Coleman's letter as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

2

lacks jurisdiction. (*Id.*) Second, the Government contends that even if Mr. Coleman meets the administrative exhaustion requirement, his motion fails on the merits. (*Id.* at 14-15.) Third, the Government contends that the Court has no authority to order the Bureau of Prisons ("BOP") to place Mr. Coleman on home confinement.[2] (*Id.* at 15-17.) Finally, the Government maintains that the BOP is taking appropriate action to curtail the spread of COVID-19 within its facilities. (*Id.* at 2-5.)

## II. DISCUSSION

### A. The Law

A court may not modify a term of imprisonment once it has been imposed except pursuant to statute. *United States v. Kachina*, No. 15-cr-68 (ADM/FLN), 2020 WL 2539270, at *1 (D. Minn. May 19, 2020) (citing 18 U.S.C. § 3582(c)); *see also McIndoo*, 2020 WL 2201970, at *2. The compassionate release provision, as amended by the First Step Act, is such a statutory exception. 18 U.S.C. § 3582(c)(1)(A).

The First Step Act[3] amended this provision with the goal of increasing "the use and transparency of compassionate release" and the section now allows defendants, for the first time, to petition district courts directly for compassionate release. *United States v.*

---

[2] The Court notes that, because Mr. Coleman's motion is construed as a request under 18 U.S.C. § 3582(c)(1)(A), the Court "is authorized to reduce Defendant's prison sentence to time served and impose home detention or incarceration as a condition of supervised release." *United States v. McIndoo,* --F. Supp. 3d--, 2020 WL 2201970, at *3 n.6 (W.D.N.Y. May 6, 2020).

[3] The First Step Act also amended other provisions of the U.S. Code with the goal of "promot[ing] rehabilitation of prisoners and unwind[ing] decades of mass incarceration." *Stephenson*, 2020 WL 2566760, at *2 (citing Cong. Research Serv., R45558, *The First Step Act of 2018: An Overview* 1 (2019)).

3

*Stephenson*, No. 3:05-cr-511, 2020 WL 2566760, at *2 (S.D. Iowa May 21, 2020). Under the old regime, defendants could petition only the BOP Director, who could then make a motion, at his or her discretion, to the district court. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 cmt. n.4 (U.S. Sentencing Comm'n 2018). The amended provision provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A).

While the statute does not define "extraordinary and compelling reasons," Congress authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission enumerates several "extraordinary and compelling reasons" justifying a reduction of sentence, including the "medical condition of the defendant," the defendant's "age" and "family circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C).

4

As relevant here, a defendant's medical condition, in narrow circumstances, may form the basis for a reduction in sentence under the Commission's policy statement.  (*See id.*)  With regards to medical condition, the policy statement provides that a reduction is warranted if the defendant is suffering from either (1) a "terminal illness" or (2) a serious physical or mental condition "that substantially diminishes" the ability of the defendant to provide self-care and "from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

A defendant's family circumstances, in similarly narrow instances, may also justify compassionate release. The policy statement provides that a reduction is warranted by the "death or incapacitation of the caregiver" of defendant's "minor children" or the "incapacitation of the defendant's spouse or registered partner" when the defendant would be the only available caregiver for that spouse or partner. *Id.* cmt. n.1(C); *see United States v. Shamilov*, No. 19-cr-238 (SRN), 2020 WL 2029600 (D. Minn. Apr. 28, 2020).  The policy statement further provides a catch-all provision, allowing courts to consider "other extraordinary and compelling reasons that exist either separately or in combination with previously described categories."[4]  *United States v. Walker*, No. 16-cr-33(1) (DWF/LIB), 2020 WL 2490101, at *3 (D. Minn. May 14, 2020) (citing U.S.S.G. § 1B1.13)).

---

[4]    Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including in this Circuit, that have interpreted this provision to allow courts, in addition to the Director, the discretion to consider other relevant factors. *See United States v. Ramirez*, No. 17-cr-10328 (WGY), 2020 WL 2404858, at *2-3 (D. Mass. May 12, 2020) (collecting cases and finding that courts have "the authority to consider other relevant factors" because such an interpretation "best comports with the First Step Act."); *see also United States v. Brown*, -- F. Supp. 3d--, 2020 WL 2091802, at

To apply the Commission's guidance above, in conjunction with the amended statutory directive in 18 U.S.C. § 3582(c)(1)(A), numerous district courts, including in this district, have found that the following three issues must be considered in evaluating a compassionate release application: (1) whether "extraordinary and compelling reasons warrant a sentence reduction consistent with the Sentencing Commission's policy statement"; (2) whether the sentencing factors under § 3553(a), "to the extent they are applicable," weigh in favor of a sentence reduction; and (3) whether the "prisoner is a danger to the safety of any other person or to the community." *United States v. White*, No. 13-cr-20653, 2020 WL 2557077, at *4-5 (E.D. Mich. May 20, 2020) (quoting *United States v. Wong Chi Fai*, No. 93-cr-1340, 2019 WL 3428504, at *2 (E.D.N.Y. July 30, 2019) (citing *United States v. Bellamy*, 2019 WL 3340699, at *2 (D. Minn. July 25, 2019) (further citations omitted)).

As the movant, defendant carries the "burden to show he is entitled to a sentence reduction." *United States v. Estabrook*, No. 10-cr-109, 2020 WL 2544422, at *4 (D.N.D. May 19, 2020) (finding burden is on the defendant to establish that a sentence reduction is warranted under 18 U.S.C § 3553(c)(2)) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)); *see also United States v. Morrison*, 2020 WL 2555332, at *2 (S.D.N.Y. May 20, 2020) ("[t]he defendant has the burden to show he is entitled to a sentence

---

*5-7 (S.D. Iowa Apr. 29, 2020) (finding that "the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it.").

6

reduction.") (internal quotation and citation omitted)); *United States v. Cabrera*, 2020 WL 2549941, at *2 (C.D. Ill. May 19, 2020) (same) (internal quotation omitted)).

**B.   Analysis**

**1.   Exhaustion of Administrative Remedies**

The Court first considers whether it has the authority to grant Defendant's motion. As explained above, by its plain language, the compassionate release statute provides that a court may only reduce a defendant's sentence after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). In other words, to be entitled to relief pursuant to § 3582(c)(1)(A), a defendant generally must exhaust administrative remedies or wait 30 days from the warden's receipt of a request for release, as a precondition to seeking judicial intervention.

Because Mr. Coleman does not appear to have exhausted his administrative remedies in this regard, he is "not eligible for relief under the statute." *United States v. James*, No. 15-cr-255 (SRN), 2020 WL 1922568, at *3 (D. Minn. Apr. 21, 2020). The Court "cannot consider a motion for compassionate release for which the prisoner has not first sought relief from the BOP." *Id.*; *see, e.g.*, *Shamilov*, 2020 WL 2029600, at *2; *United States v. Vangh*, No. 16-335 (MJD), 2020 WL 1940808 at *3 (D. Minn. Apr. 22, 2020); *United States v. Bergren*, No. 00-cr-375 (DWF/RLE), 2020 WL 1910585, at *1 (D. Minn. Apr. 20, 2020) (denying motion for compassionate release for failure to exhaust and on the merits); *United States v. Annis*, 16-cr-1951 (JRT/KMM), 2020 WL 1812421, at *2 (D.

Minn. Apr. 9, 2020) (finding the court had no authority to grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because the defendant had not exhausted his administrative remedies).

### 2. Compassionate Release Under § 3582(c)(1)(A)

Even if the Court had authority to entertain Mr. Coleman's request, release under these facts is not warranted. As explained above, the Sentencing Commission has provided guidance about what constitutes "extraordinary and compelling" reasons under § 3582(c)(1)(A) and provides that an inmate's medical conditions can, alone, prove sufficiently extraordinary and compelling to justify a sentence modification. *See* U.S.S.G. § 1B1.13 at cmt. n.1(A) (noting that the medical condition(s) must be "serious and advanced . . . with an end of life trajectory" or serious enough that they "substantially diminish the ability of the inmate to provide self-care" within the facility and "from which he or she is not expected to cover."). Alternatively, an inmate's serious medical condition "in combination with" additional reasons may justify compassionate release. *See* U.S.S.G. § 1B1.13 at cmt. n.1(A)-(D).

Here, Mr. Coleman appears to argue that the hardships he is facing at USP-Leavenworth due, in part, to the COVID-19 pandemic, and in combination with his medical conditions and familial situation, warrants compassionate release. (Def.'s Mot. at 1-4.)

The Court disagrees. The hardships that Mr. Coleman identifies are indeed difficult, and the Court is sympathetic to his frustration. However, he provides no authority that would suggest the conditions he is facing in response to COVID-19 pose an "extraordinary and compelling" reason that warrants release under 18 U.S.C. § 3582(c)(1)(A). *See*, *e.g.*,

8

*United States v. Williams*, No. 19-cr-00239, 2020 WL 3037075 at *1 (W.D. La. June 5, 2020) (noting that inmate's objections to restrictions on certain privileges relate to conditions of confinement, "not a modification of a sentence of imprisonment" and are therefore outside the scope of relief "potentially available under 18 U.S.C. § 3582(c)(1)(A)") (citing *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007)). As the Government persuasively argues, to classify his conditions as warranting release would be "inconsistent with the text of the statute and the [Commission's] policy statement" and could "undercut the strict criteria the BOP employs to determine individual inmates' eligibility for sentence reductions and home confinement." (Gov't's Opp'n at 15.) The Court is therefore unable to find that Mr. Coleman's conditions of confinement, due in part to COVID-19, warrant release.

As for his medical condition, he offers no documentation to support his allegations that he is sick from black mold in his prison cell. *See United States v. Black*, No. 18-cr-646, 2020 WL 1930149, at *3 (N.D. Ohio Apr. 21, 2020) (denying motion for compassionate release, in part, because inmate offered no medical records substantiating his claim of treatment for high blood pressure and diabetes); *United States v. Dickson*, No. 19-cr-251, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (denying motion for compassionate release, in part, because inmate offered no medical records substantiating his asthma and respiratory issues); *Shamilov*, 2020 WL 2029600 at *2-3 (denying motion for compassionate release where inmate provided no documentation of underlying conditions) (citing *United States v. Gutierrez*, No. 05-cr-217 (RB), 2019 WL 1472320, at

9

*2 (D.N.M Apr. 3, 2019)).  The Court is therefore unable to find that his medical condition warrants release.

Regarding his family circumstances, while the Court is also sympathetic to Mr. Coleman's concerns about his grandmother's health, his request does not fall within the Commission's policy statement.  The Court therefore finds that he cannot demonstrate that his family circumstances warrant compassionate release.  *See Shamilov*, 2020 WL 2029600, at *3 (denying compassionate release, in part, because alleged family circumstances did not warrant release when inmate did not assert he was the only available caretaker for a minor child or spouse).

In sum, the Court finds that Defendant's medical condition and family circumstances do not warrant compassionate release.  The Court further finds that no other compelling circumstances support his request for a reduction in sentence.  In light of this finding, the Court need not reach the parties' remaining arguments or assess the other factors set forth in § 3582(c)(1)(A).

Accordingly, for all of the reasons stated above, Defendant's Motion for Release is denied.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion for Release [Doc. No. 637] is **DENIED.**

Dated:   July 14, 2020                                          s/Susan Richard Nelson  
                                                               SUSAN RICHARD NELSON  
                                                               United States District Judge

10